UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ron Tearia Nicholas, # 231677, | ) C/A No. 8:05-1011-RBH-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Jon E. Ozmint; and  George Solone, | ) |
| Defendants. | ) |

This is a civil rights action filed by a state prison inmate *pro se*.[1] Plaintiff is currently incarcerated in the maximum security unit (MSU) at Kirkland Correctional Institution, part of the South Carolina Department of Corrections'(SCDC) prison system. In the Complaint filed in this case, Plaintiff alleges that the SCDC grooming and publications policies applicable to MSU inmates violate his "1st Amendment" rights to exercise his chosen religion and also violate certain South Carolina state statutes that together are known as the South Carolina Religious Freedom Act. *See* S.C. Code Ann. §§ 1-32-10 through 1-32-60. Although he broadly claims that this is a "civil rights action," Plaintiff cites only to a South Carolina state statute, S.C. Code § 24-27-500,[2] as the alleged

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] That statute does not purport to grant jurisdiction to *any* court. It states:

§ 24-27-500. Application of Religious Freedom Act to prison regulations.
For the purposes of Chapter 32 of Title 1:
(A) A state or local correctional facility's regulation must be considered "in furtherance of a compelling state interest" if the facility demonstrates that the religious activity:
(1) sought to be engaged by a prisoner is presumptively dangerous to the health or safety of that prisoner; or
    (2) poses a direct threat to the health, safety, or security of other prisoners, correctional staff, or the public.

(continued...)

basis for this Court's jurisdiction. Complaint, at 1. However, since Plaintiff also includes a brief mention of the "1st Amendment" in the "Relief" section of his Complaint, his *pro se* claims are very liberally construed as potentially coming under the Court's federal question jurisdiction pursuant to 42 U.S.C. § 1983.[3]

## PRO SE REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed

---

[2](...continued)
(B) A state or local correctional facility regulation may not be considered the "least restrictive means" of furthering a compelling state interest if a reasonable accommodation can be made to protect the safety or security of prisoners, correctional staff, or the public.

[3]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

As previously noted, liberally construed Plaintiff's "1st Amendment" claim is appropriately before the Court for consideration as a civil rights action pursuant to 42 U.S.C. § 1983. To the extent that there is any viable § 1983 claim, Plaintiff's state statute-based claim could also be considered under this Court's pendent jurisdiction. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966). However, if there is no viable § 1983 cause of action presented by Plaintiff's allegations, then the South Carolina Religious Freedom Act claim would necessarily be subject to summary dismissal. *See* Webb v. McCullough, 828 F.2d 1151, 1160 (6th Cir.1987).

With regard to Plaintiff's allegations of violations of his "1st Amendment Right to Practice the Central Tenets of His Religious Faith,"[4] arising from the application of the SCDC inmate-publications policy, the undersigned takes judicial notice of the fact that Plaintiff has a currently pending § 1983 action in this District Court dealing with the same, or essentially the same, claims relating to his confinement in the Kirkland MSU. Nicholas v. Ozmint et al., Civil Action No. 8:04-22471-RBH-BHH. Although Plaintiff claims different "chosen religion" in this case[5] and

---

[4] Complaint, at 5.

[5] In this case, Plaintiff claims a desire to practice the tenets of Rastafarianism whereas in Civil Action No.
(continued...)

3

names several additional Defendants in the pending case, the essential "1st Amendment" aspects of both this case and the currently pending § 1983 action are substantially identical.

A district court may take judicial notice of materials in the court's own files from prior and/or pending proceedings.  *See* United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *see also* United States v. Webber, 396 F.2d 381, 386-87 (3rd Cir. 1968); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949). It is noticed that Plaintiff's other case, Civil Action No. 8:04-22471-RBH-BHH, is now pending. Many of the defendants have answered and filed motions for summary judgment. A Roseboro Order was issued on March 15, 2005, and Plaintiff's the time for responding to the motions for summary judgment is running. Because the same "1st Amendment" issue relative to the SCDC inmate publications-receipt policy is asserted in this "new" Complaint as is currently under consideration in Plaintiff's other pending case, and because Plaintiff will have a full opportunity to litigate this claim in Civil Action No. 8:04-22471-RBH-BHH, the Complaint filed by Plaintiff in this case is subject to summary dismissal for frivolity to the extent that it attempts to state a "1st Amendment" claim based on the application of the SCDC inmate publications-receipt policy.[6]

Moreover, to the extent that Plaintiff complains that the grooming policies at Kirkland Correctional Institution are unconstitutional because they do not allow prisoners to have dreadlocked

---

[5](...continued)
8:04-22471-RBH-BHH, he claims that his "chosen religion" is/was "'Black Muslim,' which is a Religious Islamic sect previously headed by the Honorable (Elijah Muhammed) and now led by Minister (Louis Farakan)."

[6] A claim asserted by a *pro se* plaintiff proceeding *in forma pauperis* may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the Defendants are immune from suit, id . at 327, the claim seeks to enforce a right which clearly does not exist, id., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n. 2 (11th Cir.1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U .S. at 327, 109 S.Ct. at 1833.

hair, which Plaintiff claims is a "central tenet" of his currently "chosen religion," the Complaint in this case should be dismissed for frivolity. In is notable that Plaintiff does not allege that his hair has ever been forcibly cut by SCDC, nor does he claim that any threat to forcibly cut his hair has been made. Rather, his essential allegations show only that he disagrees with the SCDC grooming policy because it prohibits inmates from growing their hair into dreadlocks, and that he thinks this violates his "1st Amendment" rights because he now claims to be a Rastafarian and, apparently, desires to grow out his hair. Plaintiff's essential allegations are completely insufficient to state a viable § 1983. In 1998, in the face of similar allegations from other SCDC inmates, the Fourth Circuit Court of Appeals held that the SCDC grooming policy does not violate right the free exercise of religion (Plaintiff's alleged "1st Amendment Right" in this case). *See* Hines v. South Carolina Department of Corrections, 148 F.3d 353, 356 (4th Cir. 1998)("The Inmates are Muslims, Rastafarians, Native Americans, and other individuals who are challenging a grooming policy that requires all male inmates to keep their hair short and their faces shaven (the Grooming Policy)."); *see also* Hunter v. Moore, 165 F.3d 911 (4th Cir. 1998)(Table)(unpublished opinion)(Rastafarian inmate who claimed "that his Rastafarian beliefs forbid him from complying with" the SCDC grooming policy; held: SCDC grooming policy is not racially discriminatory nor does it violate the free exercise clause).

Finally, the only remaining cause of action asserted by Plaintiff in this case: one allegedly arising from a South Carolina state statute, should also be also be dismissed for frivolity. Since there are no viable § 1983 claims within this Court's federal question jurisdiction in the Complaint in this case, the Court cannot exercise its pendent jurisdiction in this case to consider such state cause of action. Federal courts have discretion to decide pendent state law claims if the federal and state claims arise out of a common nucleus of operative fact. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966). But, "[i]f the federal claims are dismissed before trial ... the state claim[s] should

5

be dismissed as well." Webb v. McCullough, 828 F.2d at 1160 (quoting Gibbs, 383 U.S. at 726)). Because the undersigned concludes that Plaintiff has failed to state any viable federal claim under § 1983, it is recommended that Plaintiff's claim under the South Carolina Religious Freedom Act be dismissed without prejudice so that Plaintiff may pursue his South Carolina statutory remedies in the appropriate state forum should he so choose.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Since all of Plaintiff's claims are frivolous, 28 U.S.C. § 1915A(b)(2) is applicable in this case. Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Bruce H. Hendricks
United States Magistrate Judge

April 18, 2005
Greenville, South Carolina

6

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**