IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Ron Tearia Nicholas, #231677, ) | |
| ) | C/A No. 8:05-1011-RBH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Jon E. Ozmint; and ) | |
| George Solone, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Ron Tearia Nicholas, an inmate in custody of the South Carolina Department of Corrections, appearing *pro se*, brings this complaint against the defendants pursuant to S. C. Code Ann. §§ 1-32-10 through 1-32-60, the South Carolina Religious Freedom Act.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. In the portion of the Complaint wherein the plaintiff requests relief, plaintiff mentions the First Amendment; therefore, the Magistrate Judge, in a liberal construction of the Complaint, treated the case as arising under 42 U.S.C. § 1983 as a civil rights case. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A, and filed a Report and Recommendation on April 18, 2005. The Magistrate Judge recommended that this action be dismissed because Plaintiff has filed another pending action under 42 U.S.C. § 1983 in this Court containing similar allegations[1] and recommended that this dismissal be deemed a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g). Plaintiff filed

---

[1] In Nicholas v. Ozmint, Civil Action No. 8:04-22471-RBH-BHH, the plaintiff has filed an action under 42 U.S.C. §1983 alleging "a violation of his First Amendment rights under the free exercise clause." Motions for Summary Judgment have been filed in the case and the case has been transferred to the Magistrate Judge for the filing of a Report and Recommendation.

objections to the Report and Recommendation on April 29, 2005.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. Mathews v. Weber, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Plaintiff contends in his objections that he filed this lawsuit in State Court under a State Statute and that he did not intend for this action to be brought under 42 U.S.C. §1983. Plaintiff also objects to the finding that the dismissal of this case should be classified as a strike against him since he states that the case was properly brought in State Court and improperly transferred to federal court. In reviewing the record, it appears to this Court that the Complaint was initially mailed, addressed as follows: "Clerk of the Court; Richland County Courthouse; P.O. Box 192; Columbia, SC 29202.". Since the Plaintiff has stipulated that he is not attempting to state a federal claim, this Court finds that the case should be dismissed without prejudice; however, due to the venue confusion it should not be deemed a strike. Moreover, any First Amendment claim lacks merit since the Fourth Circuit Court of Appeals has held that the South Carolina Department of Corrections grooming policy does not violate the right of free exercise of religion. See Hines v. South Carolina Department of Corrections, 148 F.3d

353 (4th Cir. 1998).

For the reasons stated above and after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation of Magistrate Judge Hendricks as modified by this Order and incorporates it herein.

Therefore, the complaint is **DISMISSED** *without prejudice* and without issuance of service of process. Due to the confusion as to the proper venue for the case, this dismissal shall ***not*** be deemed to be a **STRIKE** under the "three strikes" rule of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

November 16, 2005
Florence, South Carolina